UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11824-RWZ

PATRICIA ESTRELLA

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.

MEMORANDUM OF DECISION

November 23, 2010

ZOBEL, D.J.

Plaintiff Patricia Estrella ("Estrella") seeks review of the denial of her disability claim by defendant Hartford Life and Accident Insurance Company ("Hartford"). Defendant has moved for summary judgment, while plaintiff seeks to take limited discovery pertaining to an alleged conflict of interest on the part of defendant. For the reasons discussed below, plaintiff's motion for limited discovery is allowed, while defendant's is deferred.

In June 2007, Estrella, then employed as a network engineer for Sprint United Management Company ("Sprint"), became disabled due to a degenerative nerve condition, as well as carpal tunnel syndrome and fibromyalgia. She applied for short-term disability benefits, which were approved for the period between September 12, 2007 and March 12, 2008. Thereafter, Hartford determined that Estrella had full work capacity and denied her application for long-term disability benefits. The claim was also denied on appeal. Defendant Hartford is the claims administrator under the plan.

On December 23, 2009, plaintiff filed a complaint in this court against Sprint, Hartford, and a reviewing physician, Dr. Peter Mosbach, Ph.D., alleging against Hartford that (1) the denial of benefits was arbitrary and capricious in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829, as amended, 29 U.S.C. § 1132(a)(1)(B) (Count I); and against Dr. Mosbach, that (2) in rendering his opinion while having a conflict of interest, he interfered with plaintiff's rights protected by the Americans with Disabilities Act (Count II); and (3) his opinion constitutes tortious interference with contractual or advantageous relations (Count III). Plaintiff seeks, inter alia, damages, past and future benefits, and, in Count IV, attorneys' fees and costs under 29 U.S.C. §1132(g).[1]

Estrella asserts that Hartford has a conflict of interest as it is both the claims administrator that decided her claim and the insurer that would pay her claim had it not decided to terminate her benefits. She wishes to conduct limited discovery in support of her claim and bases her motion on the Supreme Court's decision in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). In that case, the Supreme Court considered what the standard of review should be in an ERISA action challenging a claim determination made by a claim administrator that both funds and decides the employee benefit claim. The Court affirmed the appellate court's reversal of the district court's upholding the denial of benefits. It acknowledged that where, as here, a "plan administrator both evaluates claims for benefits and pays the benefits claim," a conflict of interest exists. Id. at 112. The court then held that although the existence of a

---

[1] On February 8, 2010, plaintiff settled her claims against Dr. Mosbach (Docket # 24). Consequently, Counts II & III are dismissed (Docket # 25).

2

conflict will not alter the standard of review, district courts must "take account of [the conflict of interest] as a factor in determining the ultimate adequacy of the record's support for the agency's own factual conclusion." Id. at 119.

The Glenn Court did not instruct reviewing courts when they should or should not permit discovery to explore the particular dimensions of an administrator's conflict. However, courts interpreting Glenn have concluded that the "the law in this Circuit is still set by Liston" which requires that there must be "at least some very good reason ... to overcome the strong presumption that the record on review is limited to the record before the administrator." Achorn v. Prudential Ins. Co. of America, 08-cv-125-JAW, 2008 WL 4427159, *3 (D. Me. 2008) (citing Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003)). Consequently, courts have allowed limited discovery in certain circumstances. See, e.g., Gessling v. Group Long Term Disability Plan for Employees of Sprint/United Mgmt. Co., 639 F.Supp.2d 947, 948 (S.D.Ind. 2009) (granting motion to compel production of evaluations for employees involved in reviewing plaintiff's claim); and Achorne, 2008 WL 4427159, at *6-*7 (permitting limited discovery).

Determination of the existence of a conflict is relevant to the pending summary judgment motion. If the Court determines that no structural conflict existed, it will apply the traditional "arbitrary, capricious or abuse of discretion standard." Cusson v. Liberty Life Assur. Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010). If, however, the Court accepts plaintiff's allegation that Hartford was conflicted, it will "consider that conflict as a factor" in determining whether it, as administrator, abused its discretion in denying

plaintiff's claim. Glenn, 554 U.S. at 119.

Here, plaintiff contends that there is a structural conflict because defendant both administers and funds plaintiff's insurance plan. She further suggests that defendant may have been influenced by the conflict in selecting doctors to review plaintiff's medical records and in processing her claim. She asserts that defendant obtained the services of Drs. Mosbach and Burns through MES Peer Review Services, a company that may derive a significant portion of its revenue from Hartford, see Complaint ¶¶ 35-46, and that MES and the doctors it provides arguably have a financial incentive to provide defendant with reports supporting denials of benefits. Id. at ¶¶ 55-58.

The discovery plaintiff seeks here is as follows: the deposition of (1) Dr. Mosbach for up to three hours (a condition he agreed to as part of the terms of his settlement agreement); (2) Dr. Burns (a reviewing physician); (3) two Hartford employees (each of whom filed declarations in support of defendant's motion for summary judgment); and (4) a Rule 30(b)(6) or 30(b)(1) employee who can explain the bonus systems (Docket # 36). Plaintiff also seeks written discovery, including (1) copies of performance evaluations for all Hartford employees who took part in deciding to deny benefits to Estrella; (2) reviews of Drs. Mosbach and Burns performed by Hartford; (3) financial information regarding dollar volume of business Hartford sends to MES; (4) one set of admissions; and (5) a limited number of interrogatories.

**Conclusion**

Plaintiff's Motion to Take Focused Discovery Relating to Conflict (Docket # 36) is ALLOWED to the extent that:

1. Plaintiff may depose (1) Dr. Mosbach; (2) Dr. Burns; (3) Hartford's

4

   designated Rule 30(b)(6) representative; and (4) MES' designated Rule 30(b)(6) representative;

2.  The listed depositions shall be completed by January 31, 2011; and

3.  Plaintiff may serve one set of requests for admissions.

The motion is DENIED in all other respects.

November 23, 2010
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

5